**Opinion issued December 10, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-18-00958-CR

NO. 01-18-00959-CR

————————————

**ALLEN KEITH ALEXANDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 337th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1511204 & 1511205**

---

## MEMORANDUM OPINION

Appellant, Allen Keith Alexander, pleaded guilty to two first-degree felony offenses for continuous sexual assault of a child and for aggravated sexual assault of a child, both without agreed punishment recommendations from the State. TEX. PENAL CODE §§ 21.02(b), (c)(4), 22.021(a)(1)(B)(i), (a)(1)(B)(iv), (a)(2)(B). At the

presence investigation hearing on both offenses, the trial court entered appellant's pleas of guilty to both offenses. The trial court heard testimony from appellant's son, step-daughter, and ex-wife and appellant, and the trial court assessed appellant's punishment at 35 years' confinement for each offense to run concurrently. These sentences are within the applicable sentencing range. TEX. PENAL CODE §§ 12.32(a), 21.02(h). The trial court certified that neither case was a plea-bargain case, and that appellant had the right of appeal in both cases. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed notices of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw in each case, along with an *Anders* brief in each case stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See generally Anders v. California*, 386 U.S. 738 (1967). Counsel's briefs meet the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *Id.* at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that she has delivered a copy of the motion to withdraw and the *Anders* brief in each case to appellant and informed

appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008) (orig. proceeding). Furthermore, counsel has certified that she has sent appellant a complete copy of the record on appeal. *See Kelly v. State*, 436 S.W.3d 313, 319, 322 (Tex. Crim. App. 2014). Appellant did not file a pro se response to his counsel's *Anders* briefs and his deadlines to respond have expired.

We have independently reviewed the entire record in both appeals, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining that reviewing court need not address merits of each claim raised in *Anders* brief or *pro se* response after determining no arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court in both cases and grant counsel's motions to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney, Melissa Martin, must immediately send the required notice to appellant and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See In re Schulman*, 252 S.W.3d at 411; TEX. R. APP. P. 48.4.